# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

HANNAH KNOUSE, et al.,

      Plaintiffs,

v.                                                     CIVIL ACTION NO.   2:18-cv-01014

PRIMECARE MEDICAL OF WEST VIRGINIA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants Michael Toney and Jaburs Terry's Motion to Dismiss [ECF No. 110]. For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

I.     Background

While awaiting trial, Dr. Charles Knouse was detained at South Central Regional Jail ("SCRJ") in Kanawha County, West Virginia, for various violations of the Controlled Substances Act. At his detention hearing, Dr. Knouse explained to Magistrate Judge Omar J. Aboulhosn his belief that the jail authorities at South Central Regional Jail were not meeting his serious medical needs. Dr. Knouse was apparently concerned that his heart would become arrhythmic if he did not receive his heart medication. He also explained that withdrawal from a second medication would render the first medication unable to control his heart rhythm, and he detailed the great pain he was in because the Jail Authorities did not allow him to self-

catheterize the first few days of his detainment.

Perceiving a potential life-threatening situation, and choosing to err on the side of caution until Dr. Knouse's medical conditions could be verified, Magistrate Judge Aboulhosn ordered the authorities at SCRJ "to immediately place and hold [Dr. Knouse] in the medical unit . . . and to immediately resume [Dr. Knouse] on all of his prescribed medications." Order 2, *United States v. Knouse*, No. 1:17-mj-00046 (Aug. 4, 2017), [ECF No. 6]. A few days later, however, Dr. Knouse died while in custody. Hannah Knouse, administrator of his estate, filed this lawsuit.

The plaintiff's initial Complaint alleged, inter alia, that certain prison personnel and medical provides at SCRJ were deliberately indifferent to Dr. Knouse's serious medical needs. On a Motion [ECF No. 32], the court dismissed most of the Complaint for failure to state a claim but allowed the plaintiff's § 1983 claim for deliberate indifference in violation of the Fourteenth Amendment to move forward. The court noted the plaintiff's lack of factual matter, conclusory statements, and inapposite legal theories. On October 23, 2018, by leave of court, the plaintiff filed an Amended Complaint [ECF No. 71], largely ignoring the court's guidance on pleading. The Amended Complaint continues to include irrelevant state constitutional claims with no factual basis, contains even more conclusory statements, and entails 275 pages of appended exhibits.

Against Defendants Toney and Terry, the Amended Complaint sounds in negligence and state and federal constitutional claims. On November 27, 2018,

Defendants Toney and Terry moved to dismiss the claims against them [ECF No. 110]. On December 11, 2018, the plaintiff responded [ECF No. 118]. The Motion is now ripe for review.

II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677–78.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the

defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from possible to plausible. *Id.*

III. Discussion

1. **Section 1983 Qualified Immunity**

The plaintiff alleges that Defendants Toney and Terry were deliberately indifferent to Dr. Knouse's serious medical needs in violation of the Fourteenth Amendment's Due Process Clause. The defendants assert that they are entitled to qualified immunity and that the § 1983 claim therefore should be dismissed.

Officers are entitled to qualified immunity under 42 U.S.C. § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "Clearly established" means that, at the time of the officer's conduct, the law was "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id.* at 741. This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The court's "first task is to identify the specific right that [the plaintiff] asserts was infringed by the challenged conduct, recognizing that the right must be defined at the appropriate level of particularity." *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

4

As discussed previously by this court in this case, "[t]he right to be free from deliberate indifference to serious medical needs is clearly established." *Knouse v. Primecare Medical of W. Va.*, 333 F. Supp. 3d 584, 590 (S.D. W. Va. 2018); *Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). The next step is to consider whether the plaintiff alleged sufficient factual matter to demonstrate a plausible claim of deliberate indifference.

### a. Deliberate Indifference

An officer is deliberately indifferent to a substantial risk of harm to a detainee when that officer "knows of and disregards" that risk. *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). To be liable, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." *Young v. City of Mt. Rainer*, 238 F.3d 567, 575–76 (4th Cir. 2001). Deliberate indifference is "more than mere negligence," but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835; *Scinto*, 841 F.3d at 226. It "lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (citing *Farmer*, 511 U.S. at 835).

Liability under this standard thus requires two showings: "First, the evidence

must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk." *Parrish*, 372 F.3d at 303 (citing *Rich v. Bruce,* 129 F.3d 336, 340 n.2 (4th Cir.1997)). Second, "the evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Id.* "As with the subjective awareness element, it is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were insufficient." *Id.* (citing *Brown v. Harris,* 240 F.3d 383, 390–91 (4th Cir. 2001)).

A plaintiff can make a prima facie case under this standard by showing "that a substantial risk of [serious harm] was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842; *Parrish*, 372 F.3d at 303. Similarly, a factfinder may conclude that the official's response to a perceived risk was so patently inadequate as to justify an inference that the official actually recognized that his response to the risk was inappropriate under the circumstances. *Parrish*, 372 F.3d at 303.

Deliberate indifference can be demonstrated by "prison doctors' response[s] to the prisoner's needs or by prison guards [] intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*

6

*v. Gamble*, 429 U.S. 97, 104–05 (1976).

### i. Defendant Toney

Defendant Toney argues that the plaintiff failed to allege enough factual matter to state a claim against him. Specifically, he argues that the plaintiff did not allege that he denied, refused, delayed, or interfered with Dr. Knouse's medical treatment once prescribed or was otherwise deliberately indifferent. I agree.

The factual allegations against Defendant Toney are missing. The only factual allegations (excluding legal conclusions) pleaded in the Amended Complaint against Defendant Toney are listed in paragraph 49. In full, paragraph 49 alleges that

> [o]n August 4, 2017, at 1602 hrs. Tammy Davis, Judicial Assistant to Federal Magistrate Judge Omar Aboulhosn, emailed a copy of the Order Judge Aboulhosn entered at the conclusion of the Initial Hearing for Mr. Knouse earlier in the day to Defendant Sgt. Michael Toney. **<u>Defendant Toney admitted he forgot to make a copy of the Order for Dr. Knouse's file and did not time-stamp [sic.] the Order and copy it to the Court Order Log, Billing Clerk and Counselors</u>** [sic.] but at 1926 hrs. Defendant Toney emailed a copy of the aforementioned Order to his supervisor, Defendant Lt. Jaburs E. Terry. This conduct by Defendant Terry was a violation of correctional facilities standards and violation [sic.] of Dr. Knouse's 14th Amendment rights in that it exhibited deliberate indifference to the medical needs of the detainee.

Am. Compl. 12. While Defendant Toney was exposed to the contents of the first order, the plaintiff did not allege any factual matter suggesting that Defendant Toney actually recognized that his response to the risk was inadequate under the circumstances, especially considering that he did forward the order to his supervisor.

7

There are no facts alleging that Defendant Toney was responsible for Dr. Knouse's medical treatment, no facts alleging that he interfered with treatment once prescribed, and no facts alleging that he intentionally denied or delayed access to Dr. Knouse's medical care. The § 1983 claim against Defendant Toney is **DISMISSED**.

### ii. Defendant Terry

Defendant Terry also argues that the plaintiff failed to allege enough factual matter to state a claim against him. He argues that even though the plaintiff asserts that Dr. Knouse did not receive "his Suboxone because Terry failed to comply with the Court order," the plaintiff did not allege any facts suggesting that Defendant Terry was licensed or authorized to administer "a scheduled narcotic" or otherwise set forth any facts showing that Defendant Terry was deliberately indifferent.

As with Defendant Toney, factual allegations against Defendant Terry are poorly pleaded. Paragraph 50 alleges that

> Defendant Terry forwarded a copy of the aforementioned Order to Donald Ames . . . at Central Office. Mr. Ames instructed him to put Dr. Knouse in Medical and take him to Booking when he is supposed to take the Suboxone, and no other inmates should be out of their cell;' … that way we can show he was taking his medicine and not cheaking (sic.) or anything like that…" Defendant Terry also called SCRJ Administrator Anthony Leonard, who told him to **follow the court order to the letter**, but Dr. Knouse did not receive his Suboxone because Defendant Terry failed to comply with the Court Order."

Am. Compl. 12 (errors in original). Paragraph 55 alleges that Defendant Terry "move[d] Dr. Knouse from C-4 into booking, in violation of court orders." Yet, unlike

8

against Defendant Tony, the plaintiff pleaded sufficient facts to state a claim against Defendant Terry

At the motion to dismiss stage, for the first prong of deliberate indifference, it is enough that the plaintiff alleged that Defendant Terry was exposed to and thus knew of the risk to Dr. Knouse. The plaintiff alleges that Defendant Terry saw the court order, discussed it with his superior, and shared it with multiple parties. It is thus fair to infer on a motion to dismiss that Defendant Terry knew of the risk.

The plaintiff also alleges that Dr. Knouse did not receive his medication because Defendant Terry failed to comply with the court order, and the plaintiff alleges that Defendant Terry also moved Dr. Knouse out of the medical unit and into booking in violation of court orders. This response, as pleaded, "justif[ies] an inference that [he] actually recognized that his response to [Dr. Knouse's serious medical needs] was inappropriate under the circumstances." *Parrish*, 372 F.3d at 303.

In regard to the plaintiff's § 1983 claim for deliberate indifference against Defendant Terry, the defendants' Motion to Dismiss is **DENIED**.

### 2. State Law Qualified Immunity

The court will next examine the plaintiff's state law claims. Against Defendants Toney and Terry, the plaintiff seeks relief in state law negligence, and despite criticism from the court, again alleges "a confused assortment of purported [state] constitutional violations." *Knouse*, 333 F. Supp. 3d at 589. The defendants argue that they are entitled to state law qualified immunity for the plaintiff's state

law claims.

In West Virginia, "if a public officer is either authorized or required, in the exercise of his judgment and discretion, to make a decision and to perform acts in the making of that decision, and the decision and acts are within the scope of his duty, authority, and jurisdiction, he is not liable for negligence or other error in the making of that decision, at the suit of a private individual claiming to have been damaged thereby." Syl. Pt. 4, *Clark v. Dunn*, 465 S.E.2d 374 (W. Va. 1995).

> [T]he doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act[1] . . . and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

*Id.* at Syl. Pt. 6. "To determine whether the State, its agencies, officials, and/or employees are entitled to immunity, a reviewing court must first identify the nature of the governmental acts or omissions which give rise to the suit . . . ." Syl. Pt. 10, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751 (W. Va. 2014).

"To the extent that governmental acts or omissions . . . fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State*

---

[1] The parties do not dispute that the plaintiff's claims against the Prison Defendants do not fall within the West Virginia Governmental Tort Claims and Insurance Act.

v. *Chase Sec., Inc.*, 424 S.E.2d 591 (W. Va. 1992)." *Id.* at Syl. Pt. 11. "In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability." *Id.*

### a. Negligence

The defendants argue that that the plaintiff failed to plead facts sufficient to establish that they did not engage in any discretionary acts, and the plaintiff did not respond otherwise. In West Virginia, correctional officers' functions "are *broadly* characterized as discretionary, requiring the use of discretionary judgments and decisions." *A.B.*, 766 S.E.2d at 768. Because "[a] public officer is entitled to qualified immunity for discretionary acts, even if committed negligently," the defendants are not liable for mere negligence. *Maston v. Wagner*, 781 S.E.2d 936, 949 (W. Va. 2015); *E.B. v. W. Va. Reg'l Jail*, No. 16-0090, No. 12-0092, 2017 WL 383779, at *6 (W. Va. 2017) ("[S]imple assertions of negligence . . . as explained in syllabus point 7 of *A.B.* are barred . . . ."). As such, the claims of negligence against the defendants are **DISMISSED**.

### b. State Constitutional Claims

The plaintiff, again, alleges that the defendants "violated Dr. Knouse's constitutional rights guaranteed under Article III, Sections 1, 5, 10, and 14, and Article XII, Section 1 of the West Virginia Constitution—five constitutional violations in one paragraph." *Knouse*, 333 F. Supp. 3d at 593; *see* Am. Compl. 20; *see also* Compl. 11 [ECF No. 1]. "To prove that a clearly established right has been infringed

11

upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness' of the action was 'apparent.'" *Hutchison v. City of Huntington*, 479 S.E.2d 649, 659 n.11 (W. Va. 1996) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). Because a "particularized showing" is inherently lacking, the plaintiff has failed to allege enough facts to state a claim to relief on any of his state constitutional claims.

While the plaintiff's state constitutional claims fail because they lack a particularized showing, Article III, Sections 1, 5, and 10 also fail as a matter of law. First, Article III Section 1 does not independently give rise to a cause of action. *Murray v. Matheney*, No. 2:13-cv-15798, 2017 WL 4849113, at * 8 (S.D. W. Va. Oct. 26, 2017) (Goodwin, J). Second, "if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Spry v. West Virginia*, No. 2:16-cv-0178, 2017 WL 440733, at *6 (S.D. W. Va. Feb 1, 2017) (applying this federal standard to the West Virginia Constitution). Thus, the plaintiff's claim under Section 10 is properly analyzed under Section 5's prohibition against "cruel and unusual punishment." *See Murray*, 2017 WL 4849113, at *8. Under Section 5, however, money damages are unavailable. *S.M.B. v. W. Va. Reg'l Jail*, No. 3:17-1300, 2017 WL 3841894, at *4 (S.D. W. Va. Sept. 1, 2017)

(collecting cases); *accord Murray*, 2017 WL 4849113, at * 8 (Goodwin, J.); *cf.* Syl. Pt. 4, *Harrah v. Leverette*, 271 S.E.2d 322, 324 (W. Va. 1980) (listing the kinds of relief available under Article III, Section 5). Because the plaintiff strictly seeks monetary damages under the West Virginia Constitution, his claim under Section 5 must fail.

Accordingly, the state constitutional claims are **DISMISSED**.

### IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [ECF No. 110] is **GRANTED in part and DENIED in part**. As to Defendant Toney, the claim against him for deliberate indifference in violation of the Fourteenth Amendment is **DISMISSED without prejudice**, and the remaining claims against him are **DISMISSED with prejudice**. Additionally, except for the § 1983 deliberate indifference claim against him, all other claims against Defendant Terry are **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: January 17, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE