IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HANNAH KNOUSE, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 2:18-cv-01014

PRIMECARE MEDICAL OF WEST VIRGINIA, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants PrimeCare Medical of West Virginia, Inc., PrimeCare Medical, Inc., Kaitlyn Perry, Jerry Johnson, Roxana Saltsgaver, Kim Jewell, Megan Berry, and Shawana Bradshaw Downs's ("PrimeCare Defendants") Motion to Dismiss the Crossclaim of James Chandler [ECF No. 119] and Motion to Dismiss the Crossclaim of Michael Toney and Jaburs Terry [ECF No. 122]. For the reasons that follow, the Motions are **GRANTED**.

I.    Background

This case arises out of the medical treatment and death of federal pretrial detainee Dr. Charles Knouse. On August 4, 2017, Magistrate Judge Omar J. Aboulhosn ordered the authorities of South Central Regional Jail to house Dr. Knouse in the medical unit and immediately resume his prescription medications. Compl. Ex.

B [ECF No. 1-2]. As alleged in the Amended Complaint, the defendants failed to adhere to that court order, which ultimately led to Dr. Knouse's untimely death.

Defendants Chandler, Toney, and Terry ("Prison Defendants"), in their Answers to the Amended Complaint, filed crossclaims against the PrimeCare Defendants for indemnification [ECF Nos. 103 & 104]. They allege that a contract exists between them and the PrimeCare Defendants and that under the contract, the PrimeCare Defendants agreed to

> indemnify, defend and hold harmless the State and the Agency (WVRJA), their officers, and employees from and against: 1) any claims or losses for services rendered by any subcontractor, person or firm performing or supplying services in connection with the performance of the contract; and 2) any claims or losses resulting to any person or entity injured or damaged by PrimeCare in its delivery of services.

Answer Am. Compl. 22 [ECF No. 103]. On December 12, 2018, the PrimeCare Defendants moved to dismiss the crossclaims for failure to state a claim pursuant to Rule 12(b)(6).

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677–78.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from possible to plausible. *Id.*

### III. Discussion

The Prison Defendants failed to state a claim for relief. In West Virginia, a party may pursue indemnification through the claims of express or implied indemnity. *See* Syl. Pt. 1, *Valloric v. Dravo Corp.*, 357 S.E.2d 207 (W. Va. 1987). "One of the fundamental distinctions between express indemnity and implied indemnity is that an express indemnity agreement can provide the person having the benefit of the agreement, the indemnitee, indemnification even though the indemnitee is at fault." *Id.* at Syl. Pt. 1. However, "contracts will not be construed to indemnify one

3

against his own negligence, unless such intention is expressed in clear and definite language." Syl. Pt. 3, *Sellers v. Owens-Illinois Glass Co.*, 191 S.E.2d 166 (W. Va. 1972). The rules governing the requisites and validity of contracts generally apply to contracts of indemnity. *Id.* at 169.

"In construing a contract of indemnity . . . the primary purpose is to ascertain and give effect to the intention of the parties." *Moore v. Chesapeake & Ohio Ry. Co.*, 493 F. Supp. 1252, 1269 (S.D. W. Va. 1980). "[W]here contract provisions are ambiguous, . . . it is improper to grant a motion to dismiss. *Lee Enterprises, Inc. v. Twentieth Century-Fox Film Corp.*, 303 S.E.2d 702, 705 n.3 (W. Va. 1983). But "[w]here the terms of a contract are clear and unambiguous, they must be applied and not construed." Syl. Pt. 2, *Bethlehem Mines Corp. v. Haden*, 172 S.E.2d 126 (W. Va. 1969). "Contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." Syl. Pt. 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 569 S.E.2d 796 (W. Va. 2002). "The term 'ambiguity' is defined as language reasonably susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." Syl. Pt. 4, *Estate of Tawney v. Columbia Nat. Res.*, 633 S.E.2d 22 (W. Va. 2006). "The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be

determined by the court." Syl. Pt. 1, *Berkeley Co. Pub. Serv. Dist. v. Vitro Corp.*, 162 S.E.2d 189 (1968).

Here, as alleged in the crossclaim, the Prison Defendants failed to state claim for indemnification for their own conduct. While the language in the contract unambiguously requires PrimeCare to indemnify the Prison Defendants for PrimeCare's conduct "in its delivery of services" or "any claims or losses for services rendered by any subcontractor, person or firm performing or supplying services in connection with the performance of the contract," the contract lacks clear and definite language expressing the parties' intent to indemnify the Prison Defendants—the indemnitee—for the Prison Defendant's own conduct. *Cf. Sellers*, 191 S.E.2d at 170 (finding that the following contract language was not clear and definite to entitle the indemnitee to indemnification: "[Indemnitor] shall indemnify [indemnitee] against all claims for damages arising from accidents to persons or property occasioned by the [indemnitor], [its] agents or employees."). In other words, reasonable minds would agree that the contract does not contain clear and definite language requiring the PrimeCare Defendants to indemnify the Prison Defendants for the Prison Defendant's own conduct. Moreover, any claim for indemnification based on the PrimeCare Defendants' conduct is moot because the PrimeCare Defendants have already settled with the plaintiff and the Prison Defendants have not alleged that they paid any settlement on PrimeCare's behalf. *See* Order Approving Settlement & Distributing Proceeds [ECF No. 126]. The only remaining claims in the Amended

Complaint are against the Prison Defendants directly. While Prison Defendants may be entitled to a reduction from any judgment found against them, the Prison Defendants are not entitled to indemnification. *See* Syl. Pt. 7, *Bd. of Educ. of McDowell Cty. v. Zando, Martin & Milstead, Inc.*, 390 S.E.2d 796 (W. Va. 1990). ("Defendants in a civil action against whom a verdict is rendered are entitled to have the verdict reduced by the amount of any good faith settlements previously made with the plaintiff by other jointly liable parties.").

### IV. Conclusion

For the foregoing reasons, the PrimeCare Defendants' Motions to Dismiss Crossclaims [ECF Nos. 119 and 122] are **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: February 5, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE